**Brian P. Berson, Esq.**
California State Bar No. 130249
Law Offices of Brian P. Berson
235 Montgomery St., Suite 625
San Francisco, CA 94104
brian@bersonlaw.net
Telephone: (415) 788-2707
Facsimile: (415) 392-5275


Counsel for Defendant **JACQULINE HOEGEL**


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 14-CR-00168-JAM |
| | ) |
| Plaintiff, | ) STIPULATION |
| | ) ORDER REGARDING TRIAL DATE |
| vs. | ) AND EXCLUDABLE TIME PERIODS |
| | ) UNDER SPEEDY TRIAL ACT; |
| JACQULINE HOEGEL. | ) FINDINGS AND ORDER |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**STIPULATION ORDER**

The parties, through their below counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status and trial setting on February 10, 2015.

2. By this stipulation, the parties now move the Court to vacate the February 10 hearing and set the trial in this matter to occur on September 21, 2015 at 9:00 a.m. Furthermore, the trial confirmation hearing should occur on August 11, 2015 at 9:15 a.m., at which defendant must be present.

1

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has previously produced, pursuant to its discovery on obligations in the prior Northern District of California case against defendant, substantial discovery to defense counsel relating to this case, including investigative reports and financial records. All of this discovery has been either produced directly to counsel and/or made available for inspection.

   b) The period of delay between now and the trial date should be excluded from Speedy Trial computations because the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.

   c) The failure to exclude the period of delay between this order and the trial date from Speedy Trial computations would unreasonably deny the defendant or the government continuity of counsel, and deny counsel for the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) Based on the above stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 10, 2015 to September 21, 2015, inclusive is deemed excludable pursuant to 18 U.S.C.§3161(h)(7)(A), B(iv)[Local Code T4] because it results from a continuance granted by the Court at both parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.


Dated: February 9, 2015  /s/BRIAN P. BERson_____
            BRIAN P. BERSON
            Attorney for Jacquline Hoegel


Dated: February 9, 2015  /s/BENJAMIN KINGSLEY_____
            BENJAMIN KINGSLEY
            Assistant United States Attorney

3

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 9th day of February, 2015.

/s/ John A. Mendez_____
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE