UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JACQULINE HOEGEL,<br><br>Movant. | No. 2:14-cr-0168 WBS AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a former federal prisoner proceeding pro se, brings a motion 28 U.S.C. § 2255 to vacate her conviction and sentence. ECF No. 136. The United States opposes the motion, ECF No. 143, and movant has replied, ECF No. 145. Movant has filed numerous documents related to the state of the evidence and/or containing supplemental allegations and evidence. ECF Nos. 142, 147, 148.

I.  BACKGROUND

Movant was convicted in 2016, following a jury trial, of four counts of making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1). The charges arose from returns filed for the tax years 2005 through 2008. On direct appeal, the Ninth Circuit summarized the underlying facts as follows:

> From 2000 until March of 2009, Hoegel sold certificates of deposit (CDs) out of the Napa, California, office for a group of interrelated financial institutions owned by William Wise (Wise), referred to as

1

the Millennium entities. In March 2009, with Hoegel present, a court-appointed receiver took control of property at the Millennium entities' Napa office as part of a Securities and Exchange Commission (SEC) investigation into a Ponzi scheme involving the Millennium entities. Hoegel's personal property and assets, including homes and bank accounts, were also seized.

On August 13, 2009, as the SEC investigation continued, Hoegel went to a tax preparer to file her delinquent tax returns for 2005 through 2008. Hoegel presented the tax preparer with handwritten notes as proof of her income and expenses. Hoegel represented annual income of $130,000, $183,040, $221,000, and $260,000, for the tax years 2005, 2006, 2007, and 2008, respectively, and indicated that she earned the income working as a self-employed graphic designer. The tax returns were filed in accordance with the information Hoegel provided.

In February 2012, Hoegel and Wise were indicted in the Northern District of California on charges of conspiracy, wire fraud, and mail fraud for their alleged roles in the Ponzi scheme. Hoegel was also charged with obstruction of justice, making false statements, and four counts of filing false tax returns. In September 2012, Wise pleaded guilty, and the Government later voluntarily dismissed the charges against Hoegel in the 2012 indictment without prejudice. In June 2014, Hoegel was indicted in the Eastern District of California and charged with four counts of filing false tax returns.

Prior to trial, Hoegel moved in limine to exclude evidence relating to the Ponzi scheme as prejudicial and irrelevant to the false tax return charges. The district court denied the motion in limine and advised defense counsel to raise objections during the course of trial as necessary.

At trial, the Government called several witnesses, including Katherine Fung (Fung), who purchased CDs from Hoegel in 2007 and 2008. During Fung's testimony, while reviewing several emails she had exchanged with Hoegel relating to Fung's CD purchases, Fung began to cry. After a brief recess, Fung continued her testimony, detailing that Hoegel was the only person she dealt with from the Millennium entities and that she purchased several CDs from Hoegel. Fung also testified that none of the dealings she had with Hoegel involved graphic design.

The Government also called the Internal Revenue Service (IRS) agent who audited Hoegel's 2005 through 2008 tax returns. The IRS agent testified that there were discrepancies between the income and expense amounts Hoegel reported in the tax years 2005 through 2008. The IRS agent further testified that Hoegel's bank records showed that from 2005 through 2008, Hoegel (and her husband) received $1,690,526 in unreported income from the Millennium entities.

Hoegel called Joyce Emerson (Emerson), Hoegel's mother, as a witness. Over the Government's objection, Emerson stated that during the summer of 2009, Hoegel was barely able to function and

>had suffered a nervous breakdown. Out of the presence of the jury, the Government argued that Emerson's testimony regarding Hoegel's mental state in the summer of 2009 opened the door to the Ponzi scheme, and thus the Government should be allowed to offer evidence to explain that Hoegel's distraught state was due to Hoegel being under investigation for her alleged role in the Ponzi scheme. The district court reasoned that the entire case rested on whether Hoegel acted willfully in falsifying her tax returns, and therefore it would be unfair to prevent the Government from countering Emerson's testimony with evidence of what else was going on in Hoegel's life at the time, namely the criminal investigation. The court then presented Hoegel with the choice of striking Emerson's testimony about Hoegel having a nervous breakdown or allowing the Government to ask about the Ponzi scheme. Hoegel chose to strike the testimony regarding the nervous breakdown. The jury was told to disregard Emerson's testimony about Hoegel having a nervous breakdown.

ECF No. 133 at 2-4.

The district court sentenced movant to concurrent terms of 36 months imprisonment and 12 months supervised release.

Movant appealed her conviction on the following grounds: (1) the district court erred by failing to exclude or strike Fung's testimony; (2) the district court abused its discretion in striking Emerson's testimony about Hoegel's 2009 nervous breakdown; and (3) the district court erred by imposing a two-level enhancement under U.S.S.G. § 2T1.1(b)(1). ECF No. 133 at 5, 7. The Court of Appeals affirmed the judgment.

II.     THE MOTION

The § 2255 motion presents two putative claims for relief. The first claim disputes the jury's finding that movant acted willfully in filing false tax returns. Movant argues that she was wrongfully deprived of the boxes of records she needed in order to file her returns, which shows that any errors lacked an intent to defraud. Movant's second claim for relief challenges the two-level sentencing enhancement that was imposed on grounds that her unreported income was derived from criminal activity. ECF No. 136 at 4-5, 13-14.

The government argues in opposition that Claim One is subject to dismissal as unintelligible, is barred by the prohibition on re-litigation of claims, or is procedurally defaulted, and that Claim Two is barred by the prohibition of re-litigation. ECF No. 143. In reply, movant elaborates at length on her arguments that she acted without criminal intent and that the

3

sentencing enhancement was not justified.  ECF No. 145.  She does not respond to the government's re-litigation bar and procedural default arguments.

### III.   STANDARDS

#### A. Review Under 28 U.S.C. § 2255

A federal prisoner making a collateral attack on the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Under section 2255, the district court may grant relief if it concludes that a sentence violates the Constitution or laws of the United States.  United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).  Both the grounds for relief and the scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute.  Davis v. United States, 417 U.S. 333, 343-44 (1974).

The district court must grant a hearing to determine the validity of a petition brought under section 2255, unless the record conclusively shows that the prisoner is entitled to no relief.  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

#### B. Procedural Bars to Consideration of Claims

Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.  Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988).  This doctrine precludes re-litigation in the § 2255 context of issues that have been previously decided on direct appeal, either explicitly or by necessary implication.  United States v. Jingles, 702 F.3d 494, 499 (9th Cir. 2012), cert. denied, 568 U.S. 1257 (2013).  A court may have discretion to depart from the law of the case where (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest

injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1977). Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.), cert. denied 508 U.S. 951 (1993).

If an issue presented in a § 2255 motion could have been raised on appeal but was not, on the other hand, it may have been procedurally defaulted. Jingles, 702 F.3d at 498. A record-based habeas or § 2255 claim is defaulted by failure to raise it on direct review. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Braswell, 501 F.3d 1147, 1149 (9th Cir. 2007). When this occurs, the claim may be raised in a § 2255 motion only if the movant can demonstrate either (1) cause and prejudice or (2) actual innocence. Id.

IV. ANALYSIS

A. Claim One Fails to Present a Cognizable Basis for Relief and/or is Procedurally Defaulted

Although Claim One does not clearly state its legal basis, it is not entirely "unintelligible." As movant confirms in her reply, ECF No. 145 at 2-3, the gravamen of the claim is that she lacked willful intent regarding the 2005-2008 tax returns, which she claims were inaccurate because the SEC seizure had deprived her of access to necessary financial records at the time of filing. See also ECF No. 136 (motion to vacate) at 13 (alleging lack of intent and explaining that movant had estimated numbers with the knowledge she would be able to amend returns when her "tax boxes" were returned to her by the government). To the extent that movant merely reargues the conclusions to be drawn from the evidence that was or could have been presented at trial (which is indeed the primary thrust of her motion and all related filings), she fails to state a cognizable basis for relief. See Withrow v. Williams, 507 U.S. 680, 721 (1993) ("[A] prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim."). In essence, movant argues that the jury got it wrong as to intent—an argument which does nothing to meet her burden of identifying a constitutional violation or other legal infirmity that would render her convictions invalid. Accordingly, movant fails to state a claim for relief.

Movant cannot avoid this result by insisting on her innocence. While the Ninth Circuit

recognizes a claim of actual innocence that may be cognizable under § 2255, it requires new evidence affirmatively proving innocence. United States v. Berry, 624 F.3d 1031, 1038 & n.5 (9th Cir. 2010).[1] "To establish actual innocence for the purposes of habeas relief, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [her]." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011). Movant has identified no new evidence of innocence. Her argument amounts to an attempt to relitigate her trial, which does not present a cognizable post-conviction innocence claim. See United States v. Ward, 2017 U.S. Dist. LEXIS 29158 at *4, 2017 WL 2312629 (E.D. Wash. 2017) (defendant does not state a claim for relief under § 2255 by "essentially attempting to relitigate his trial"). Moreover, in this case the Ninth Circuit described the evidence of guilt as "overwhelming." ECF No. 133 at 7.[2] Movant has presented nothing that would warrant reconsideration of that characterization, or support a contrary finding of innocence. And because her assertions of innocence are conclusory, a hearing is unwarranted. See United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980) (conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to hold a hearing).

To the extent that Claim One may be construed as alleging insufficient evidence of intent to support the verdict—the one undeniably cognizable constitutional claim that is suggested by movant's arguments[3]—such a claim is procedurally defaulted. At trial, the defense expressly argued that errors in the tax returns were innocent and had followed in part from movant's lack of

////

////

---

[1] But see Dist. Attorney's Office v. Osborne, 557 U.S. 52, 71-72 (2009) (Supreme Court has never recognized a right to be released upon proof of "actual innocence").

[2] This comment was made in the context of harmless error analysis. The Court of Appeals rejected movant's claims of evidentiary error, and noted in the alternative that any error would be harmless in light of the overwhelming evidence of guilt.

[3] Due process requires that each essential element of a criminal offense be proven beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). In reviewing the sufficiency of evidence to support a conviction, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).

access to pertinent financial records at the time she filed her returns.[4] The jury rejected this theory, and movant did not thereafter argue on appeal that that the conviction was unsupported by legally sufficient evidence of criminal intent. Because a challenge to the sufficiency of the evidence is a record-based claim, it could and should have been raised on appeal. Because it was not, it is forfeited. See Braswell, 501 F.3d at 1149.

In reply to the government's assertion of default, movant attempts no showing of cause and prejudice. ECF No. 145. The § 2255 motion itself, in explaining why this issue was not raised on appeal, states: "My attorney said this was not the time. I must file appeal first because I cannot afford a habeas attorney." ECF No. 136 at 4. Although ineffective assistance of counsel may under some circumstances constitute cause for a default, such ineffectiveness must be independently pleaded. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Movant has not done so in this case. She has neither alleged ineffective assistance of appellate counsel as an independent ground for relief, nor presented specific allegations demonstrating that appellate counsel's failure to challenge the sufficiency of the evidence constituted unreasonable performance, and that raising the issue would have resulted in success on appeal. See Smith v. Robbins, 528 U.S. 259, 285-286 (2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Accordingly, appellate ineffectiveness cannot excuse the default.[5]

Finally, to the extent that movant's protestations of innocence may be construed as an asserted exception to procedural default, they are unavailing. To overcome a default, movant must present reliable new evidence in light of which no reasonable jury would have convicted

---

[4] Defense counsel elicited testimony from an SEC witness regarding the seizure of movant's property during the receivership process, ECF No. 127 at 82-84 (RT 128-130), and argued to the jury that movant had provided her tax preparer with the documents she had which had not been taken by the SEC, ECF No. 131 at 76-77 (RT 663-664).

[5] In any event, appellate counsel has no constitutional duty to raise issues which, in counsel's judgment, have little or no likelihood of success. Jones v. Barnes, 463 U.S. 745, 751-53 (1983). A jury's determination of a defendant's intent is always a matter of inference from circumstantial evidence, and review under Jackson v. Virginia and progeny requires that all inferences be drawn in favor of the verdict. See Jackson, 443 U.S. at 326 (if the evidence supports conflicting inferences, the reviewing court must presume "that the trier of fact resolved any such conflicts in favor of the prosecution," and the court must "defer to that resolution."). Accordingly, reasonable counsel could have considered a Jackson claim futile, and movant cannot show that such a claim would likely have succeeded.

her. Schlup v. Delo, 513 U.S. 298 (1998). As already noted above, movant presents no new evidence of her innocence—she merely argues that the record does not support an inference of criminal intent. This is insufficient as a matter of law to excuse a default under Schlup.

For all these reasons, movant's first claim provides no basis for relief.

### B. Claim Two Cannot be Re-Litigated

Movant's challenge to the sentencing enhancement under U.S.S.G. § 2T1.1(b)(1) was presented to and rejected by the Ninth Circuit on direct appeal. See ECF No. 133 at 7-8. Accordingly, it cannot be entertained here. See United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."). To the extent (if any) that movant's arguments in support of this claim in her § 2255 motion differ from those made by counsel on appeal, and if any such theories were not rejected by implication, they are defaulted. See Jingles, 702 F.3d at 498. Movant having made no showing to excuse default, for the same reasons explained above, her challenge to the enhancement may not be entertained.

### CONCLUSION

For all the reasons explained above, IT IS HEREBY RECOMMENDED that the motion to vacate under 28 U.S.C. § 2255 (ECF No. 136) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file

////

////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE